UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARCO LUGO, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

AUTOZONERS, LLC, a Nevada Limited Liability Company, and AUTOZONE, INC., a Nevada Corporation,

    Defendants.

Index No.: 13-cv-787 ~~(MKB)~~(RLM)

## ~~[PROPOSED]~~ ORDER (1) GRANTING PRELIMINARY APPROVAL TO THE JOINT STIPULATION OF SETTLEMENT AND RELEASE; (2) CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS; (3) APPROVING THE NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT AND FAIRNESS HEARING, AND DIRECTING THEIR DISTRIBUTION; (4) APPROVING PLAINTIFF'S PROPOSED SCHEDULE FOR FINAL SETTLEMENT APPROVAL AND SETTING A DATE FOR THE FAIRNESS HEARING AND RELATED DATES, AND (5) APPOINTING PLAINTIFF AS CLASS REPRESENTATIVE AND THE LAW FIRM OF LOUIS GINSBERG, P.C. AND MCLAUGHLIN & STERN LLP AS CLASS COUNSEL

After engaging in substantial discovery and participating in mediation, Plaintiff Marco Lugo ("Plaintiff") and AutoZoners, LLC and AutoZone, Inc. (together "Defendants" or "AutoZone") (collectively, the "Parties") negotiated a settlement of this litigation. The terms of the proposed settlement (the "Settlement") are set forth in the Joint Stipulation of Settlement and Release and accompanying exhibits (the "Agreement") attached hereto as Exhibit 1. Terms and definitions in the Agreement have the same use and meaning herein.

On **Sept. 25**, 2015, Plaintiffs filed a Notice of Motion for an Order: (1) granting preliminary approval to the Joint Stipulation of Settlement and Release; (2) conditionally certifying the Settlement Class; (3) approving the Notice Of Proposed Settlement Of Class Action Lawsuit And Fairness Hearing, and directing their distribution; (4) approving Plaintiff's

proposed schedule for final settlement approval and setting a date for the Fairness Hearing and related dates; and (5) appointing Plaintiff as the Class Representative and the Law Firm of Louis Ginsberg, P.C. and McLaughlin & Stern LLP as Class Counsel ("Motion"). In the Motion, Plaintiff requested that the Court grant preliminary approval to the Agreement, including the plan of allocation in that Agreement, and that the Court approve a proposed Notice Of Proposed Settlement Of Class Action Lawsuit And Fairness Hearing ("Class Notice," attached hereto as Exhibit 2). Plaintiff also requested that this Court grant conditional certification of a settlement class. Having reviewed the Settlement Agreement and Motion, along with the Parties' prior submissions in this matter, the Court now **FINDS, CONCLUDES, AND ORDERS** as follows:

I. **Background**

Plaintiff's claims arise under the New York Labor Law ("NYLL") on a class-wide basis and under the Fair Labor Standards Act (the "FLSA") on an individual basis. In principal part, Plaintiff alleges in his Second Amended Complaint that AutoZone violated the NYLL by failing to pay himself and other non-exempt hourly paid Sales Clerks and Sales Managers for all of the time working off-the-clock while opening and closing a store. In addition, Plaintiff alleges that he and other non-exempt hourly paid Sales Clerks and Sales Managers were not compensated for all time worked up to forty hours in a week at their straight or agreed upon rate of pay and for all time worked over forty hours in a week at an overtime rate of time and one-half their regular rate of pay in violation of the NYLL.[1]

---

[1] Plaintiff's Second Amended Complaint also included an individual overtime claim pursuant to the FLSA as a result of Defendants' alleged failure to pay him for off-the-clock work performed while opening and closing a store, but the proposed settlement is made on a class-wide basis pursuant to the NYLL.

-2-

AutoZone has disputed, and continues to dispute, Plaintiff's allegations in this lawsuit and denies liability to any of the claims that have or could have been asserted by Plaintiff or the persons he seeks to represent.

## II. Definition Of The Settlement Class

The Parties have entered into the Agreement solely for purposes of compromising and settling their disputes in this matter. As part of the Agreement, AutoZone has agreed not to oppose, for settlement purposes only, conditional certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) of the following settlement class:

> All persons who were employed by AutoZoners, LLC as a non-exempt Sales Clerk or Sales Manager that opened or closed a store in New York State according to business records, at any time between February 12, 2007 and June 23, 2011. (the "Class").

## III. Rule 23 Certification of the Class

In examining potential conditional certification of the Class, the Court has considered: (1) the allegations, information, arguments, and authorities cited in the Motion and supporting memorandum and Declaration; (2) the allegations, information, arguments, and authorities provided by the Parties in connection with the pleadings filed by each of them in this case; (3)  information, arguments, and authorities provided by the Parties in conferences and arguments *including a telephonic conference held on November 23, 2015;* before this Court; (4) AutoZone's conditional agreement, for settlement purposes only, not to oppose conditional certification of the Class specified in the Agreement; (5) the terms of the Agreement, including, but not limited to, the definition of the Class specified in the Agreement; and (6) the elimination of the need, on account of the Settlement, for the Court to consider any potential trial manageability issues that might otherwise bear on the propriety of class certification.

In connection with certifying the Class, the Court makes the following findings applicable solely to this Settlement:

a. The Class has about 1,089 members and therefore is sufficiently numerous that joinder of all members of the Class ("Settlement Class Members") is impracticable;

b. There are questions of law or fact common to all Settlement Class Members, including but not limited to whether AutoZone failed to compensate Settlement Class Members for work performed while off-the-clock when opening and closing the store, whether AutoZone failed to compensate Settlement Class Members for all work performed up to 40 hours in a week at their straight or agreed upon rate, and whether AutoZone failed to compensate Settlement Class Members for all work performed over 40 hours in a week at their overtime rate of time and one-half their regular rate of pay;

c. The Class Representative's claims are typical of the Class' claims in that the Class Representative raises the same types of claims as the Settlement Class Members;

d. The Class Representative can fairly and adequately represent the Class' interest, in that: (1) the Class Representative has retained counsel who are qualified and experienced in the issues raised in this litigation; and (2) the Class Representative does not have any apparent interests antagonistic to the interests of the Class;

e. The common questions of law and fact set forth in paragraph (b) above, predominate over any questions effecting only individual members; and

f. The class action device is superior to all other available methods for fairly and efficiently settling this matter.

Based on those considerations and findings, the Court hereby finds that the Class proposed in this matter is identifiable and that the requirements of Federal Rule of Civil Procedure 23(a) are satisfied, including numerosity, commonality, typicality, and adequacy of the representative and their counsel.

The Court further concludes that the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied because questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members, and that a settlement class is superior to other available methods for the fair and efficient adjudication of this matter.

Therefore, solely for the purpose of determining whether the terms of settlement are fair, reasonable, and adequate, the Court conditionally certifies the Class, as defined in Section II above, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

### IV.  Appointment Of Class Representative And Class Counsel

Marco Lugo is appointed as class representative of the Class under Federal Rule of Civil Procedure 23.

The following attorneys and law firms are appointed as class counsel for the Class ("Class Counsel"): Louis Ginsberg of The Law Firm of Louis Ginsberg, P.C. and Lee S. Shalov of McLaughlin & Stern, LLP.

### V.  Disposition Of Settlement Class If Settlement Agreement Does Not Become Effective

If, for any reason, the Agreement ultimately does not become effective, AutoZone's agreement not to oppose conditional certification of the Class shall be null and void in its entirety; this Order conditionally certifying the Class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties

executed the Agreement; and nothing stated in the Agreement, the Motion, this Order, or in any attachments to the foregoing documents shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action. In particular, the Class certified for purposes of settlement shall be decertified, and AutoZone will retain the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by Plaintiff.

### VI. Preliminary Approval Of The Agreement And The Proposed Plan Of Allocation

The Court has reviewed the terms of the Agreement and the description of the Settlement in the Motion papers. Based on that review, the Court concludes that the Settlement is within the range of possible Settlement approval such that notice to the Class is appropriate.

The Court has also read and considered the Joint Declaration of Louis Ginsberg, Esq. and Lee S. Shalov, Esq. in support of preliminary approval. Based on review of that Declaration, the Court concludes that the Settlement was negotiated at arm's length and is not collusive. The Court further finds that Class Counsel was fully informed about the strengths and weaknesses of the Class' case when they entered into the Agreement.

As to the plan of allocation, the Court finds that the proposed plan is rationally related to the relative strengths and weaknesses of the respective claims asserted. The proposed plan of allocation is also within the range of possible approval such that notice to the Class is appropriate.

Accordingly, the Court hereby grants preliminary approval to the Agreement and the Plan of Allocation.

### VII. Approval Of The Form And Manner Of Distributing Class Notice

Plaintiff has also submitted for this Court's approval a proposed Class Notice. The proposed Class Notice appears to be the best notice [plus] practicable ~~practical~~ under the circumstances and

appears to allow Settlement Class Members a full and fair opportunity to consider the proposed Settlement and develop a response. The proposed plan for distributing the Class Notice likewise appears to be a reasonable method calculated to reach all members of the Class who would be bound by the Settlement. Under this plan, the Settlement Administrator will distribute the Class Notice to Settlement Class Members by First Class United States Mail, postage prepaid. ~~There appears to be no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution pla~~n. 

The Class Notice fairly, plainly, accurately, and reasonably informs Settlement Class Members of: (1) appropriate information about the nature of the litigation, the Class at issue, the identity of Class Counsel, and the essential terms of the Agreement and Settlement; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees and other payments that will be deducted from the total Settlement Payment; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Agreement and Settlement; (5) appropriate information about how to object or opt-out of the Settlement, if they wish to do so; and (6) appropriate instructions as to how to obtain additional information regarding the Action, the Agreement, and the Settlement.

The Court, having reviewed the proposed Class Notice, finds and concludes that the proposed plan for distributing the Class Notice will provide the best notice practicable, satisfies the notice requirements of Federal Rule of Civil Procedure 23(e), and satisfies all other legal and due process requirements.

Accordingly, the Court hereby Orders as follows:

1. The form and manner of distributing the proposed Class Notice are hereby approved.

2. Promptly following the entry of this Order, the Settlement Administrator shall prepare final versions of the Class Notice, incorporating into the Class Notice the relevant dates and deadlines set forth in this Order.

3. Within ~~fifteen (15)~~ twenty (20) calendar days of the date of entry of this Order, AutoZone will provide the Settlement Administrator with the information regarding Settlement Class Members in accordance with the Agreement.

4. Within fifteen (15) calendar days after receiving the information regarding Settlement Class Members from Defendants in accordance with the Agreement, the Settlement Administrator shall mail, via First Class United States Mail, postage prepaid, the Class Notice, using each Settlement Class Member's last known address as recorded in AutoZone's records. The Settlement Administrator shall take all reasonable steps to obtain the correct address of any Settlement Class Members for whom the Class Notice is returned by the post office as undeliverable. The Settlement Administrator will re-mail all Class Notices that were returned by the postal service, and for which additional or corrected addresses are known or obtainable. The Settlement Administrator shall take all other actions in furtherance of claims administration as are specified in the Agreement.

### VIII. Procedures For Final Approval Of The Settlement

#### A. The Fairness Hearing

The Court hereby schedules for **February 29** 2016, at the hour of **2:00** p.m., a hearing to determine whether to grant final certification of the class, and final approval of the Joint Stipulation Of Settlement And Release (the "Fairness Hearing"). At the Fairness Hearing,

the Court also will consider the petition for the payment of attorneys' fees and reimbursement of litigation costs and expenses to Class Counsel, and for any service payment to be made to the Plaintiff as Class Representative.

### B. Deadline For Filing Objections To Settlement

Settlement Class Members who wish to present objections to the Settlement at the Fairness Hearing must first do so in writing. To be considered, such objections must be mailed to the Settlement Administrator via First-Class United States Mail, postage prepaid, and be received by the Settlement Administrator within thirty (30) days after the Class Notice is mailed by the Settlement Administrator. The Settlement Administrator shall immediately forward a copy of the objection to Class Counsel and Counsel for Defendants via electronic mail and overnight delivery within three (3) calendar days after receipt.

### C. Deadline For Filing Requests For Exclusion From The Settlement Class

Settlement Class Members who wish to be excluded from the Settlement Class must mail a written, signed statement to the Settlement Administrator that he or she is opting out of the monetary portion of the Settlement (the "Opt-Out Statement"). To be effective, the Opt-Out Statement must be sent via First Class United States Mail and postmarked within thirty (30) calendar days from the date the Class Notice was mailed (the "Opt-Out Period"). The Settlement Administrator shall stamp the postmark date on the original of each Opt-Out Statement that it receives and serve copies of each Opt-Out Statement on Class Counsel and Counsel for Defendants within fifteen (15) days of receipt. In addition, within fifteen (15) days of the end of the Opt-Out Period, the Settlement Administrator shall send a final list of all Opt-Out Statements to Class Counsel and Counsel for Defendants via electronic mail.

### D. Deadline For Filing Motion For Judgment And Final Approval

No later than seven (7) calendar days before the Fairness Hearing, Plaintiff will submit to the Court a Motion for Judgment and Final Approval of the Settlement and Agreement.

### E. Plaintiff's and Settlement Class Members' Release

If, at the Fairness Hearing, this Court grants Final Approval of the Settlement and Agreement, Plaintiff and each individual Settlement Class Member who has not made a timely request to be excluded will release claims under the NYLL arising from the Second Amended Complaint for the period of February 12, 2007 and June 23, 2011. Plaintiff, individually, will also release claims under the FLSA arising from the Second Amended Complaint for the period of February 12, 2007 and June 23, 2011 and will be subject to a general release as set forth in the Agreement.

*SO ORDERED:*
/s/
*Roanne L. Mann*
*U.S. Magistrate Judge*
Dated: 11/24/15

DATED: _____

~~United States District Judge Margo K. Brodie~~
Magistrate Judge Roanne L. Mann

- 10 -